**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

CARL FOX, III                                                                              PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:10cv126-DPJ-MTP

UNITED STATES OF AMERICA, ET AL.                                            DEFENDANTS

**<u>ORDER</u>**

This matter is before the Court on the following Plaintiff's motions: [32] [33] Motion to

Allow Extension to Send Complaint to Defendants and Motion to Issue Subpoenas involving

Personnel of the Veterans Administration Medical Center in Jackson, Mississippi ("VAMCJ")

and the Madison County, Mississippi Sheriff's Department; and [39] Motion for Subpoena

Duces Tecum.  The first Motion[1] [32][33] will be treated as a request to extend the time for

service of process; a request to subpoena information such as the names, titles, and addresses of

former employees of the VAMCJ; and a request to subpoena the Madison County Sheriff's

Department and the Veterans Administration for information regarding the individuals who came

onto Plaintiff's property on March 10, 2009, one of the incidents on which this cause of action is

based.  The second Motion [39], although labeled an application for a subpoena for documents,

requests the addresses of some of the Defendants Plaintiff has sued because the United States

Postal Service returned two parcels in which summonses were enclosed.

**<u>DISCUSSION</u>**

Plaintiff is acting *pro se,* but is not proceeding *in forma pauperis.*  The docket reflects

that summonses were issued by the Clerk's office on or about June 1, 2010.  *See* Summonses [2]

---

[1]Pleadings [32] and [33] are the same document.

- [27].  On July 21, 2010, the Court entered an Order and Notice to Plaintiff [30] advising him of the necessity to timely serve the summons and complaint, or face dismissal of this action without prejudice.  The Order [30] also provided:  "If service upon the defendant(s) is not perfected and proof thereof filed with the court within the next 30 days or the court does not extend the time for service based upon a showing of good cause," the case would be dismissed without prejudice as to the unserved Defendants.  Plaintiff's [32] motion followed.  It should be pointed out that counsel has entered an appearance for several Defendants, and there is also pending a [42] Motion to Dismiss for Insufficient Service of Process.

Fed. R. Civ. P. 4(c) provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Rule 4(m) provides that if the Plaintiff fails to serve the defendant with the complaint within 120 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant . . . ."  Fed. R. Civ. P. 4(m).

Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court and the U.S. Marshal's office have no obligation to assist Plaintiff with the service of process.  *See* Fed. R. Civ. P. 4(c); L.U. Civ. R. 4(b) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court.").

Plaintiff has demonstrated his good faith attempts to serve process on the Defendants via

mail, and has requested an extension of time to properly serve all Defendants.[2]  The Court finds good cause to grant Plaintiff an extension, but notes that the extension requested in Plaintiff's Motion [32][33] has expired.  However, the Court will grant Plaintiff a thirty-day extension to properly serve process in compliance with Fed. R. Civ. P. 4.

As for the request for subpoenas, it is not the Court's responsibility to issue subpoenas to certain individuals or entities and complete service of same.  Indeed, the only "issuance" the Court Clerk performs is to provide a "signed but otherwise blank [subpoena] to a party who requests it."  Fed. R. Civ. P. 45(a)(3).[3]  Moreover, the proper means to request documents or information from parties is via requests for production and/or interrogatories.  *See* Fed. R. Civ. P. 33 and 34.  Likewise, subpoenas issued for discovery purposes, such as those at issue here, are subject to the discovery limitations outlined in Fed. R. Civ. P. 26.  *See* L.U. Civ. R. 45(e) ("Motions regarding subpoenas will be considered discovery motions and are governed by the procedural requirements that govern discovery motions."); *see also Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003).  Plaintiff's request for the issuance of discovery subpoenas is premature, as no case management conference has been held, no case management order has been entered, and no Rule 26(f) conference has been held, primarily due to Plaintiff's failure to get the curiously large number of parties before the Court in a timely and proper manner.  *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . .").  Accordingly,

---

[2]Service of process by mail is only effective when the Defendant waives service under Fed. R. Civ. P. 4(d), or when the Defendant timely returns the notice and acknowledgment form under Miss. R. Civ. P. 4(c)(3).  *See* Fed. R. Civ. P. 4(e)(1).

[3]Protections are available to those persons subject to the subpoena once it is served.

3

**IT IS ORDERED**:

1.      That Plaintiff's [32] [33] Motion to Allow Extension to Send Complaint to Defendants is GRANTED in part and DENIED in part as set forth below.

2.      That Plaintiff must serve the Defendants with the summons and complaint by December 20, 2010, in the manner required by Fed. R. Civ. P. 4, **and must file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l) by that same date.**

3.      That Plaintiff's failure to properly serve Defendants in accordance with Rule 4 may result in the dismissal of any unserved Defendant without prejudice.

4.      That Plaintiff's request to issue subpoenas in Motion [32][33] is DENIED.

5.      That Plaintiff's [39] Motion for Subpoena Duces Tecum is DENIED.

6.      That it is the Plaintiff's responsibility to prosecute this case.  Failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

**SO ORDERED** this the 19th day of November, 2010.

<u>s/Michael T. Parker</u>
United States Magistrate Judge

4