## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

CARL FOX, III                                                                                          PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:10cv126-DPJ-MTP

UNITED STATES OF AMERICA, ET AL.                                              DEFENDANTS

### REPORT AND RECOMMENDATIONS

This matter is before the undersigned on the referral from the United States District Judge

[75] of pending dispositive motions filed by certain defendants;[1] on motions referred to the

undersigned by operation of L. U. Civ. R. 72(d);[2] and *sua sponte* pursuant to Fed. R. Civ. P. 4(m)

as to parties who have not made an appearance.  The undersigned conducted a status conference

and motions hearing on January 11, 2011 to address the pending motions.  *See* [76] [83].[3]

Having reviewed the submissions of the parties[4] and the applicable law, and being fully advised

---

[1]Those dispositive motions are the Motion to Dismiss for Insufficient Service of Process [42] filed on behalf of defendants Lampton, Baltz, Watson, Kirchner, Young, Ungesser, Hathorn, Thornton, Calhoun, Rose, Sing(h), May, Finch, Lee, Fillingim, Ramsey, Fedor, and Pollard; and the Motion to Dismiss for Lack of Subject Matter Jurisdiction [43] filed on behalf of the United States of America and "the named federal agencies . . . ."

[2]They are: Motion for More Definite Statement [45] filed by the United States defendants; and three motions which are treated as requests by Plaintiff for additional time to serve summons [77] [79] [80].

[3]As a result of this conference and hearing, an Order [85] was entered dismissing, without prejudice, defendants University of Alabama Medical Center, Birmingham; the Board of Trustees of the University of Alabama at Birmingham and the University of Alabama Hospital; Dr. Mike Waldrum; Dr. William L. Holman; Dr. Byars; and Dr. Goldman (the "Alabama defendants").  Because claims against the Alabama defendants were dismissed, neither those claims nor defendants will be discussed herein.

[4]Although docket entry [48] is denominated as a response to motions [42] [43] [45] filed by Defendants, the only subject matter Plaintiff substantively addresses is service of process.  As

in the premises, the undersigned recommends that the Motion to Dismiss for Insufficient Service

of Process [42] be **GRANTED**; that the Motion to Dismiss for Lack of Subject Matter

Jurisdiction [43] be **DENIED, WITHOUT PREJUDICE**; that the Motion for More Definite

Statement [45] be **DENIED AS MOOT**; that the Motions for Additional Time to Serve

Summons [77] [79] [80] be **DENIED**; and that defendants Madison County Sheriff's

Department, Sheriff Toby Trowbridge, and the State of Mississippi be **DISMISSED,**

**WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

As already noted, Plaintiff commenced this cause of action on February 25, 2010 [1]

against the United States of America and several of its agencies, including the United States

Department of Justice, the Veterans Administration, and the Veterans Administration Medical

Center, Jackson, Mississippi ("VAMCJ").[5]  Plaintiff also named approximately 23 individual

VAMCJ personnel, both known and unknown, as defendants.  Named as separate defendants are

the Madison County Sheriff's Department; Sheriff Toby Trowbridge; and unidentified deputies.

Rounding out the roster of defendants is the State of Mississippi.

According to Plaintiff, he has suffered at least three strokes.  The primary cause of action

---

will be discussed further, this document is not unlike many of Plaintiff's other submissions: it
seeks excessive additional time to "finish out any deficiencies within the Complaint," a
complaint that was filed February 25, 2010.  While the docket entry [48] also discusses methods
for service of process under Fed. R. Civ. P. 4, it essentially asks the Court to allow Plaintiff more
time to accomplish service.  If docket entry [48] is indeed a response to Defendants' [42] [43]
[45] motions, the Court observes that it was not timely submitted in accordance with L. U. Civ.
R. 7(b)(4).

[5]Also falling into this category is Dunn (identified as Don) Lampton, former United
States Attorney.

he is pursuing arises from VAMCJ's treatment surrounding his 2nd and 3rd strokes, a time period that appears to have begun in March 2006 and ends in March 2009.  He asserts numerous claims against the Defendants, but they can be summarized as follows: 1) that he was assaulted in March 2006 by defendants Lanell May and Reginald Finch;[6] 2) that he received inadequate medical care at VAMCJ over the 2006-2009 period of time; and 3) that in March 2009, shortly after his third stroke, VAMCJ used law enforcement, specifically the Madison County Sheriff's Department, in an unwarranted manner by asking the sheriff's department to meet VAMCJ personnel at Plaintiff's home in Canton, Mississippi and allegedly harassing him.[7]

In general, it appears that Plaintiff relies on 42 U.S.C. § 1983, the Americans with Disabilities Act, HIPAA, and the Federal Tort Claims Act as authority to support recovery for damages.  However, the Court has not been able to enter a Case Management Order to address these claims because Plaintiff, despite the passage of nearly one year and several extensions of time, has not completed service of process on a vast number of Defendants.  The Court's immediate task is to determine which parties are properly before it, and whether the case should

_____

[6]At all relevant times, they served as security personnel at VAMCJ.  May is alleged to be still employed by VAMCJ, and Finch is allegedly no longer employed there.  Plaintiff also claims that VAMCJ orderly Johnnie Lee pulled a phone out of a jack while Plaintiff was attempting to place a 911 call, and it is believed that this also occurred in March 2006.

[7]Based on the status conference/motions hearing, it is VAMCJ's position that Plaintiff, without authorization, checked himself out of the hospital with a medical device still attached to him.  According to VAMCJ, the Madison County Sheriff's Department was called to assist in retrieving the device, and that such was accomplished without a major incident.  Plaintiff, on the other hand, alleges that a threat was made to obtain a search warrant, but that one was never procured.  Plaintiff charges that VAMCJ personnel not only instigated the alleged unlawful conduct by the sheriff's department, but also committed a violation of the Health Insurance Portability and Accountability Act ("HIPAA") as part of the visit to his home.  VAMCJ relies on exceptions in the HIPAA statutory scheme to justify any purported release of medical record information to sheriff's officers.

be allowed to proceed against those who are not.

## ANALYSIS

### I.

In the Complaint and elsewhere, Plaintiff requests various periods of time beyond an unidentified statute of limitations to flesh out his claim, his goal being to toll the statute of limitations.  With respect to service of process, Plaintiff on June 1, 2010 had summonses issued for 26 defendants (docket entries [2] to  [27], inclusive).  On July 21, 2010, this Court entered an Order and Notice to Plaintiff [30] advising him of the 120 day limit in Fed. R. Civ. P. 4(m) for serving the summons and complaint upon any defendant, and that the failure to perfect and prove service could result in dismissal without prejudice as to unserved defendants.  Plaintiff was afforded an additional 30 days to accomplish this process, although provision was made for a possible extension of time based upon a showing of good cause.  Plaintiff's response to this order [31] merely showed that the summons and complaint had been mailed to Defendants.[8]  As part of this response and showing, Plaintiff still asked for a three month extension to *send* the complaint to the Defendants.

On November 19, 2010, the undersigned ruled [47] on the motion to extend the time for service of process [32],[9] as well as a request for the addresses and identity of certain defendants [33] and a motion for subpoena duces tecum "to finalize discrepancies/omissions of such

---

[8]The VAMCJ individual defendants were sent notice to one address, namely the VAMCJ in Jackson, Mississippi.  They were not identified in any particular capacity.  *See* n.13 *infra*.

[9]Plaintiff often asks for the same relief in multiple documents.  In addition to making the extension request in his response to the Court's order, he filed motion/docket entry [33], which is identical to [32].

Defendants' addresses and names, to send any summonses which were not received and/or were returned by the U.S. Postal Department." Until the entry of this order [47], the docket reflects no activity on Plaintiff's part as to the completion of service.

The only relief afforded Plaintiff was that he was required to "serve the Defendants with the summons and complaint by December 20, 2010, in the manner required by Fed. R. Civ. P. 4, **and must file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l) by that same date.**" (Bold in original). Plaintiff was also advised, and warned yet again, that his "failure to properly serve Defendants in accordance with Rule 4 may result in the dismissal of any unserved Defendant without prejudice."

Between the time this order [47] was entered and the deadline, the docket indicates that the only activity on Plaintiff's part with respect to attempted service was another mass mailing of summonses to certain defendants ([54] through [74], inclusive). Then, rather than simply obtaining proper service of the summons and complaint as directed, Plaintiff waited until almost the eve of the Court's December 20 deadline to do nothing more than request more time to serve process.[10] In the three documents docketed as Motions for Extension of Time to Serve Summons and Complaint [77] [79] [80], Plaintiff claims that he has attempted to engage a process server to accomplish service and meet the deadline set by the Order [47].

While Plaintiff evidently has retained a process server, it appears that those services have only been utilized for attempts to serve the Madison County Sheriff's Department and Sheriff Toby Trowbridge. The record reflects that three attempts were made–the first on December 19,

---

[10]In the meantime, the Court entered an Order Setting Status Conference and Hearing on then-pending motions.

the second on December 22, and the third on December 23–without success.[11]

 As for the other remaining individual defendants, Plaintiff apparently has not utilized a process server to assist him nor made further attempts at personal service. By separate entry [81] the docket reflects certificate of service with copies showing summonses returned **unexecuted** as to defendants Watson, Baltz,[12] Kirchner, Ungesser, Rose, Fedor, Pollard, Sing(h), Young, May, Finch, Lee, Hathorn, Thornton, Fillingim, and Ramsey. For these sixteen individual VAMCJ defendants, Plaintiff indicates that he sent the Summonses and Complaints to them "via Gina Lack, Admin. Asst., V. A. Medical Center" in Jackson. He also identified each Defendant parenthetically "only in an official capacity."[13]

 With respect to service of process on the United States, the Court requested at the status

---

[11]Based on representations made at the status conference/motions hearing, it is unclear whether Plaintiff still wishes to pursue a cause of action against Sheriff Trowbridge and the sheriff's department. Plaintiff indicated that he would consider voluntarily dismissing these claims, but has yet to do so. Nor does the docket reflect any further attempts to serve process on these defendants.

[12]The Complaint indicates that Baltz is no longer employed by VAMCJ, having served as its former Administrator/Director.

[13]*See* docket entries [54] through [60], inclusive, and [62] through [71], inclusive. This addition of official capacity language is an apparent effort to avoid personal service required by Fed. R. Civ. P. 4(i)(3). Plaintiff is aware of the difference between individual service and official capacity service. *See* [48]. Even assuming that the individual defendants are public officials, it is well established that federal officers acting within the scope and course of their employment are immune because the claims are actually against the government. *See, e.g., Southern Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. 1981); *Clifford v. Stalder*, 2006 WL 3792684 at *2 (M. D. La. 2006). *See generally Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (applying to alleged constitutional violations by federal actors). Thus, to the extent that Plaintiff has advanced official capacity claims, the proper defendant is before the Court. *See* n.14 and accompanying text *infra.* The docket does not reflect that Plaintiff had summonses reissued for defendants Calhoun and Lampton. Service has not been attempted on these individual defendants pursuant to Fed. R. Civ. P. 4(e).

conference/motions hearing that the United States Attorney's office determine the status of such service. That office has now advised that service is complete for certain claims.[14] Finally, service has not been effected on the State of Mississippi.

## II.

Fed. R. Civ. P. 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As already shown, it is clear that Plaintiff has not completed service of process on any defendant other than the United States and it is well beyond the 120 day limit for service to be completed. Moreover, the Court has afforded Plaintiff several extensions of time to complete service of process, and the additional time sought by Plaintiff to serve process in his pending motions has expired. *See* Orders [30], [47], and Motions [77][79][80]. Accordingly, this matter may be dismissed without prejudice as to any defendant who has not been served. *See Systems Signs Supplies v. United States Department of Justice,* 903 F.2d 1011 (5th Cir. 1990).

However, in *Millan v. USAA General Indemnity Co.*, 546 F.3d 321 (5th Cir. 2008), the court recognized that even where a plaintiff failed to show good cause for failing to timely effect service of process, a dismissal without prejudice could be the equivalent of a dismissal with

---

[14]The January 13, 2011 letter to the Court advises that the United States Attorney General was served on June 16, 2010, the Department of Veterans Affairs was served on June 18, 2010, and the United States Attorney's Office was served on December 2, 2010. It is the United States Attorney's position now that "for purposes of a [Federal Tort Claims Act] case where the United States is the only proper party defendant, service is complete. With respect to the individually named defendants, none of them have been properly served via personal service." For purposes of a complete record, the United States Attorney's letter has been docketed. *See* Docket [89].

prejudice.  Quoting the advisory committee's 1993 note to Rule 4(m), the court used the examples of the applicable statute of limitations barring the refiled action or a defendant evading or concealing a defect in attempted service as grounds weighing in favor of a discretionary extension of time.  546 F.3d at 325.

Nevertheless, the court of appeals recognized that aggravating factors may justify dismissal that has the effect of being with prejudice, namely delay caused by the plaintiff himself and not his attorney, actual prejudice to the defendant, or delay caused by intentional misconduct. *Id.* at 326 (internal quotation and citation omitted).[15]  While the undersigned has been given no reason to believe that the dismissal of any defendant in this cause of action for failure to serve process will ultimately be with prejudice,[16] analysis under the heightened standard that takes into account the possibility of dismissal with prejudice still leads to the conclusion that dismissal of most defendants is justified.

Plaintiff is *pro se* in this matter, thus delay cannot be attributed to counsel.  Plaintiff has

---

[15]The court cited significant periods of total inactivity, the threat to the integrity of the judicial process, and the stubborn resistance to authority (as opposed to negligence) as qualifying as aggravating factors.  *Id*. at 327.  In *Millan*, service actually occurred and was obtained four days after the Rule 4(m) deadline for service.  *Id.*  The circumstances presented in the instant case are far different from *Millan.  Cf. Sealed Appellant v. Sealed Appellee,* 452 F.3d 415 (5th Cir. 2006) (affirming dismissal with prejudice; if statute of limitations has run, defendant not served entitled to expect it will no longer have to defend claim); *Veazey v. Young's Yacht Sale and Service, Inc.,* 644 F.2d 475 (5th Cir. 1981) (involvement of litigant in delay in service of process when complaint served immediately prior to running of statute of limitations is material factor when weighing remedies).

[16]The most recent of Plaintiff's myriad causes of action arose in March 2009.  Likewise, the parties to be dismissed without prejudice appear, for the most part, to be employees of the Veterans Administration. To the extent that Plaintiff has tort claims to assert against the United States Government, the Court  is not recommending dismissal of those claims at this time for failure to serve process.

been reminded that it is his, not the Court's, responsibility to effect process [47], and has been notified more than once of the consequences for not doing so.  *See* [30] [47].  The Court has been extremely generous in giving Plaintiff opportunities over an extensive period of time to effect service of process on the individual defendants, the Madison County Sheriff's Department, Sheriff Toby Trowbridge, and the State of Mississippi.

Despite the Court's warnings and the liberal extensions, Plaintiff either cannot or will not complete service of process.  When a deadline is near, he resorts to unending requests for additional time that amount to nothing more than delay.  Even at this point, the additional time he requests to serve process has expired without successful service in the interim.  There is no information before the Court at this time to even suggest that process will be served on the Defendants in the foreseeable future even if more time were granted.[17]

Efforts by the Court to assist the *pro se* litigant in streamlining the claims, narrowing the issues, and addressing matters of process were, for the most part, stubbornly resisted and of limited success.[18]  The Court set a status conference and hearing for January 11, 2011 to address process and other issues.  Plaintiff's first tactic in response to the notice of hearing was to ask that it be postponed for a full ninety days [82]. That request was denied [83].  At the conference, Plaintiff began by disparaging several of the defense attorneys present and then presented the

---

[17]Plaintiff's most recent submission [88] admits his "deficient attempts to serve the Defendants" (at p. 10) and reflects the possible employment of a fourth process server.  He still seeks to serve the individual defendants through the VAMCJ, and seems to suggest that Fed. R. Civ. P. 4 is unconstitutional (also at p.10).

[18]Plaintiff did agree to dismiss the Alabama defendants although doing so was hardly magnanimous; the document he presented at the hearing indicates that the Alabama claims arose, if at all, in 1998.  *See* docket entry [86].

Court with another 81 pages of materials that he desired to present in lieu of a more formal presentation at the hearing.

Moreover, Plaintiff's most recent attempts at service on the VAMCJ employees (past and present) have been limited to their official capacities. He makes no apparent effort to serve them individually, although he has submitted pleadings asking for substantial damages from them in their individual capacities.[19]   Even as to his attempted "official capacity" service, he has not complied with the Court's orders directing timely service and the filing of appropriate proof of service with the Court. Despite the Court's warnings, Plaintiff simply responds by pointing out that he has mailed the summonses at various points in time.[20]

Other than serving the United States, Plaintiff has not complied with the Court's orders. It has been almost a year since Plaintiff filed his cause of action, and further delay as to the individual VAMCJ defendants is not warranted.

The same can be said as to the attempts to serve the Madison County Sheriff's Department and Sheriff Toby Trowbridge. Even with the recent employment of a process server employed for this purpose,[21] service has been limited to belated attempts. Plaintiff does not claim that he has completed service, and the Court lacks any assurance by Plaintiff that it will ever be achieved. Plaintiff should not be allowed additional time to comply with Rule 4(m) as to

---

[19]In one of his most recent submissions, Plaintiff alleges that he is entitled to damages from the Defendants including "all specific individual Defendants" in the amount of $2,000,000.00. *See* docket entry [86] at 80.

[20]Having summonses issued and mailing them within the allotted time are not the same as obtaining timely service.

[21]The fourth process server mentioned in docket entry [88] makes reference to VAMCJ only.

the sheriff, the sheriff's department, or the State of Mississippi.[22]

In sum, while the Court recognizes that Plaintiff is a *pro se* litigant, he has been given liberal extensions to effect process.  His latest requests for more time do not give the Court any hope of compliance with its orders; indeed, they establish a track record of non-compliance.  The Court should proceed with the claims and parties properly before it.

### III.

The United States has moved to dismiss for lack of subject matter jurisdiction or, alternatively, for a more definite statement [43][45].  The undersigned agrees that the Complaint is too vague and ambiguous for the United States to frame effective responsive pleadings.  *See* Fed. R. Civ. P. 12 (e).  The complaint is filled with rhetorical questions, a quote or two from the founding fathers and Shakespeare, and other rambling discourse that is sometimes associated with *pro se* filings.

In an effort to facilitate matters and to provide some assistance to the *pro se* Plaintiff, the Court set a status conference and motions hearing wherein the Plaintiff was to provide information to clarify his claims.  At the conference, and as already mentioned, the Plaintiff presented the Court and the parties with an 81-page document which attempts to set forth the basis of his claims and provide other clarifying information.  *See* docket [86].  Plaintiff preferred, and was allowed, to submit this document in lieu of a formal presentation at the hearing.

---

[22]The inclusion of the State of Mississippi as a defendant is perplexing.  In the document submitted by Plaintiff at the status conference/motions hearing discussed *infra*, Plaintiff mentions two brief visits to the University Medical Center and attempts to have the state's Attorney General investigate his treatment at VAMCJ.  As for the latter, he was told that the Attorney General could not conduct such an investigation, as that was a matter for the VA.

Although it includes information about claims and parties that may be dismissed, Plaintiff's submission [86] does provide additional information and clarification with respect to the facts and circumstances which give rise to his complaint, including approximate dates when various events occurred and the person involved.  Accordingly, the undersigned recommends that the pleading be accepted as a "more definite statement" from the Plaintiff and that the United States' Motion for More Definite Statement [45] be denied as moot.[23]  The United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction should be denied, without prejudice, as the alternative relief sought has now been provided.[24]

## CONCLUSION

It is recommended that the Motion to Dismiss for Insufficient Service of Process [42] filed on behalf of defendants Lampton, Baltz, Watson, Kirchner, Young, Ungesser, Hathorn, Thornton, Calhoun, Rose, Sing(h), May, Finch, Lee, Fillingim, Ramsey, Fedor, and Pollard be **GRANTED**, and that Plaintiff's causes of action against them be **DISMISSED, WITHOUT PREJUDICE**.  It is further recommended that Plaintiff's Motions for Additional Time to Serve Summons [77] [79] [80] be **DENIED**, and that defendants Madison County Sheriff's Department, Sheriff Toby Trowbridge, and the State of Mississippi be **DISMISSED, WITHOUT PREJUDICE**, from this cause of action.  Finally, it is recommended that the Motion to Dismiss for Lack of Subject Matter Jurisdiction [43] be **DENIED, WITHOUT**

[23]While not the type of pleading one would expect from an attorney, the document [86] does appear to be a good faith effort from the Plaintiff to clarify the claims he has attempted to assert and is likely the best that can be achieved under the circumstances.

[24]As the Court is not addressing the jurisdictional aspects of the motion, it should be dismissed without prejudice to the movants' rights to re-urge it now that more facts have been provided and the bases for the claims have been identified.

**PREJUDICE**, that the Motion for More Definite Statement [45] be **DENIED AS MOOT,** and

that document [86] be deemed Plaintiff's more definite statement.  It is further recommended that

The United States of America be required to file an Answer to the Complaint no later than thirty

(30) days from the date the District Judge addresses this report and recommendation.

<u>**NOTICE OF RIGHT TO OBJECT**</u>

In accordance with the rules, any party within fourteen (14) days after being served a copy

of this recommendation, may serve and file written objections to the recommendations, with a

copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time

may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or

may receive further evidence or recommit the matter to this Court with instructions.  The parties

are hereby notified that failure to file written objections to the proposed findings, conclusions,

and recommendations contained within this report and recommendation within fourteen (14)

days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions accepted by the district

court to which the party has not objected.  28 U. S. C. § 636(b)(1); *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[25]

THIS the 2nd day of February, 2011.

s/Michael T. Parker
United States Magistrate Judge

---

[25]*Douglass* referred to the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

-13-