IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CARL FOX, III                                                                                                   PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:10cv126-DPJ-MTP

UNITED STATES OF AMERICA, ET AL.                                                    DEFENDANTS

ORDER

This case is before the Court on several motions of Plaintiff Carl Fox, proceeding *pro se*: Motion to Cease/Desist and Reinstate [his] Last Sixteen Defendants [119]; Motion to Reinstate All the Past Defendants [127]; and Motion to Compel and Motion for Summary Judgment [149]. The Court has held these motions in abeyance while the parties explored settlement. Thus far, those efforts have not been fruitful. Thus, the Court addresses each of the above-listed motions in turn.

I.   Analysis

   A.   Cease and Desist

In his Motion to Cease/Desist and Reinstate [his] Last Sixteen Defendants [119], Fox first requests "an emergency Order of cease and desist against Toby Trowbridge and, Madison County Sheriff Department and all such Deputies," alleging misconduct. Mot. [119] at 1–2. This request is denied; Toby Trowbridge and the Madison County Sheriff's Department were dismissed without prejudice on February 17, 2011 [94] and the Court has no jurisdiction over those parties at this time.

B.      Reinstating Defendants

Fox also requests that the Court "[r]einstate my last sixteen Defendants" and refers to "this Courts [sic] obtuse refusal to allow my original Complaint against the Madison County Sheriff Department et al and the remaining 16 Defendants which you destroyed, claiming Non-Prejudiced, but which violating Federal Rules of Civil Procedure 4, you caused my Defendants to be prejudiced." Mot. [119] at 1, 4. Fox moves for the same relief in the Motion docketed at 127. *See* Mot. [127] ("Motion to Reinstate all the Past Defendants known as the '16 Defendants', previously, and which his Court refused (claiming 'without prejudice')"). Though his motions are heartfelt, they are difficult to follow. So consistent with the rule concerning *pro se* pleadings, the Court liberally construes Fox's motions. To begin with, Fox does not name those defendants to which he refers, but he is apparently referring to the Court's Order [94] adopting Magistrate Judge Michael Parker's Report and Recommendation [90] that dismissed several defendants without prejudice because they were never properly served.

To the extent Fox moves the Court to reconsider that Order [94], the request is denied. Rule 4(m) of the Federal Rules of Civil Procedure requires services within 120 days of filing the complaint. Although the Court granted extensions and gave Fox far more leniency than most litigants enjoy, he never perfected service. The Court recognize that Fox is a *pro se* litigant, but he must still "comply with relevant rules of procedural." *Indiana v. Edwards*, 554 U.S. 164, 185 (2008) (citation omitted). The case simply reached the point where further delay in this threshold step was not justified. Fox's present Motions fail to present a plausible argument why the Court's Order was improper.

Finally, to the extent Fox's request could be construed as a motion to amend his complaint to add these previously-dismissed parties as defendants,[1] such amendment would not restart the clock for purposes of serving those defendants. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148–49 (10th Cir. 2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. . . Accordingly, we read 'service . . . upon a defendant within 120 days after the filing of the complaint,' Rule 4(m), to refer to filing of the first version of the complaint naming the particular defendant to be served.") (citing *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004); 4B Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1137, at 377 (3d ed. 2002); 1 James Wm. Moore et al., Moore's Fed. Practice § 4.80 (3d ed. 1997)). Thus, Fox's Motions docketed at 119 and 127 are denied.

    C.    Motion to Compel and Motion for Summary Judgment [149]

Fox complains that the United States has not fully complied with his Document Requests. *See* Pl.'s Mot. [149] at 3–4. He alleges that, since the Government has taken the position that all discovery is finished, summary judgment should be entered in his favor in light of their alleged failure to produce. *Id.* at 8. First, Fox has not attached the Certificate of Good Faith required by Rule 37(a) and Local Rule 37(c). Second, Fox's motion is denied to the extent it seeks summary judgment.[2]

---

[1] It is not apparent that Fox seeks that request, but the Court has taken a liberal construction of his pleadings.

[2] To the extent Fox's motion, construed liberally, seeks sanctions pursuant to Rule 37, no prior motion to compel has been filed nor has the Court entered an order compelling the production of documents. Finally, the alleged misconduct would not justify entry of judgment against the United States.

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Having considered Fox's filing, the Court finds that he has not met the standard for summary judgment.  Fox's motion [149] is therefore denied.  The parties are ordered, however, to contact Magistrate Judge Parker's chambers to schedule a telephonic conference concerning the completeness of outstanding discovery, if any, and to discuss the requirements for preparing the proposed pretrial order.

II.     Conclusion

For the foregoing reasons, Fox's Motion to Cease/Desist and Reinstate [his] Last Sixteen Defendants [119] and Motion to Reinstate All the Past Defendants [127] are denied.  Fox's Motion to Compel and Motion for Summary Judgment [149] is denied without prejudice, and the parties are hereby ordered to contact Magistrate Judge Parker's chambers within five (5) days of this Order to schedule a telephonic conference.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2012.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE