IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CARL FOX, III                                                                                              PLAINTIFF

vs.                                                         CIVIL ACTION NO.: 3:10-cv-126-DPJ-MTP

UNITED STATES OF AMERICA, ET AL.                                                    DEFENDANTS

ORDER

This case is before the Court on the motions of Defendant United States of America seeking dismissal of the named federal agencies and unnamed federal employee Defendants for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [110], and seeking dismissal for failure to exhaust administrative remedies or, in the alternative, summary judgment [114]. Plaintiff Carl Fox III, proceeding *pro se*, opposes the motion [129, 130, 131, 132]. The Court, having considered the parties' submissions and applicable authority, finds Defendant's motion to dismiss for lack of subject-matter jurisdiction is granted in part and denied in part, and Defendant's motion to dismiss for failure to exhaust administrative remedies or for summary judgment is granted in part and denied in part. Fox's Motion to Deny Defense's Docket No. 110 and 114 [132] is denied as moot.

I.   Facts and Procedural History

Fox filed this action on February 25, 2010 [1] for claims arising, in part, from medical treatment he received at the Veterans' Administration Medical Center (VAMC) in Jackson, Mississippi.[1] Fox's earliest claims date from 1998, when he allegedly was seen at the VAMC in Jackson and sent to the VAMC in Birmingham, Alabama, for open heart surgery, where he

---

[1] The Court's recitation of alleged facts is based on Fox's Complaint [1] and the exhibits thereto, as well as a filing that the Court has construed to be Fox's "More Definite Statement" of his claims [86].

claims he was subjected to medical malpractice that contributed to the first of his three strokes. Later, Fox claims additional medical malpractice at the Jackson VAMC in 2003 and 2006 contributed to a second stroke on or about March 17, 2006. Fox alleges malpractice in connection with his treatment for that stroke. Additionally, Fox alleges that on March 23–24, 2006, he was beaten by VAMC security personnel Reginald Finch and Lanell May for trying to leave the VAMC to return home. As a result of the encounter, Fox alleges he could not maintain "compliance" with his appointments at the VAMC without passing by Lanell May, and thus was not prescribed Coumadin or "clot-buster" by VA medical personnel. Fox claims he suffered a third stroke in March 2009, because he was not permitted to take those medications, and alleges malpractice during his treatment for that stroke. Finally, Fox alleges that on March 11, 2009, VAMC personnel and the Madison County Sheriff's Department harassed him at his home.

Fox premises his claims on the Federal Tort Claims Act (FTCA); the United States Constitution; "U.S.C. title 18 Crimes and Criminal Practice"; "U.S.C. title 24 Hospitals and Asylums"; "U.S.C. title 38 Veterans' Benefits"; the Civil Rights Act of 1964; 42 U.S.C. § 1983; the Health Insurance Portability and Accountability Act (HIPAA); the Age Discrimination in Employment Act (ADEA); the Americans with Disabilities Act (ADA); the "Civil Rights Act of 1991 (Intentional Employment Discrimination)"; the Civil Rights of Institutionalized Persons Act; and the Rehabilitation Act of 1973. *See* "More Definite Statement" [86] at 77–78. After a status conference, the magistrate judge filed a Report and Recommendation concluding that Fox

premised his claims on the FTCA, § 1983, the ADA and HIPAA.  The Court adopted that recommendation, and all other claims are dismissed.[2]

After the dismissal of some defendants earlier in these proceedings, the remaining defendants include the United States of America; several federal agencies, including the Department of Justice, the Veterans Administration, and the Veterans Administration Medical Center (VAMC) in Jackson, Mississippi; and several known and unknown VAMC employees. The United States now moves for dismissal of all FTCA claims against any defendant except the United States [110].  The United States further moves for dismissal of Fox's FTCA claims arising from events in 1998 and 2003 as time barred and those from 2009 for failure to administratively exhaust those claims.  The United States filed these motions [110, 114] in March 2011.  Because Plaintiff Fox failed to respond timely to these motions or seek more time to respond, the Court entered an Order to Show Cause [123] on July 28, 2011, ordering Fox either to respond to the motion or advise he intended to confess them.  Fox responded to the motions and to the Order to Show Cause in the filings docketed at 129, 130, 131, and 132. While Fox clearly opposes the motions, he does not substantively address the United States's legal arguments.  To the extent his responses seek more time to respond to Defendant's motions, the request is denied.

---

[2]Fox is not an attorney, and his More Definite Statement was clearly an attempt to cover all possible bases.  Many of the causes of action he listed are clearly inapplicable, and the Court again concludes that the magistrate judge properly narrowed the focus of the case to the causes listed.

II.     Analysis

    A.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction [110]

        1.     Claims under the Federal Tort Claims Act

The United States argues that it is the only proper defendant under the Federal Tort Claims Act and seeks dismissal of the following federal agencies and unnamed federal employees who are currently defendants, arguing lack of subject-matter jurisdiction: the Veterans Administration; U.S. Department of Veterans Affairs; Veterans Administration, Washington, DC; Veterans Administration Medical Center, Jackson, Mississippi; Veterans Administration Medical Center, Birmingham, Alabama; "Unnamed Nasrala, Past Chief of Neurologists, VAMC, Jackson, MS"; "Unknown Defendant Chief of Staff (August, 1998)"; "Unknown Parties, V.A. Employees, VAMC, Jackson, MS"; "Unknown Physician, Past Chief of Cardiologist (1998)"; "Unknown Physician, Current Chief of Cardiologist, VAMC, Jackson, MS"; and "Unknown Physician, who sent Carl Fox home originally from the Emergency Room, around March 17, 2006."  *See* Def.'s Mem. [111] at 1, 5.

The FTCA grants federal district courts "exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b). The FTCA waives the United States' sovereign immunity from tort suits and is the exclusive remedy for damages arising from the tortious acts of federal agencies or their employees. *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing 28 U.S.C. §§ 2674, 2679).  It is well settled that the United States, and not the responsible agency or employee, is the sole proper

defendant in an FTCA action. *Id.* (citing *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991)); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). "[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183 (citing *Gregory v. Mitchell*, 634 F.2d 199, 204-205 (5th Cir. 1981); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir. 1975)). Thus, the Court lacks subject-matter jurisdiction over Fox's FTCA claims against the named federal agencies and unnamed federal employee Defendants.[3] The United States is the only proper defendant with respect to Fox's FTCA claims.

       2.      Non-FTCA Claims

Though far from clear, Fox's Complaint [1] and his subsequent "More Definite Statement" filing [86] are liberally construed to include additional claims under the ADA, HIPAA, and § 1983. Report & Recommendation [90] at 3, *adopted at* Order [94]. The United States' motion [110] seeks dismissal of all named federal agencies and entities and unnamed federal employees without addressing Fox's non-FTCA claims. Accordingly, and out of caution, the motion is denied without prejudice with respect to non-FTCA claims included in Fox's pleadings.

---

[3]The United States has not included Defendant Department of Justice in this motion, but the Court will consider its subject-matter jurisdiction over that entity *sua sponte*. Fed. R. Civ. P. 12(h)(3). As the Department of Justice is a federal agency, the same reasoning dictates that Fox's FTCA claims against this entity should be dismissed with prejudice.

> B.      Motion to Dismiss for Failure to Exhaust Administrative Remedies, or in the Alternative, Motion for Summary Judgment [114]

The United States seeks dismissal of Fox's FTCA claims based on incidents allegedly occurring in 1998, 2003 and 2009, arguing Fox failed to file an administrative tort claim concerning these events in a timely manner.[4]  The FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  A claim is "presented in writing" to the appropriate federal agency when the agency "receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."  28 C.F.R. § 14.2(a).

The requirement that an administrative claim be filed before bringing suit is jurisdictional:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

---

[4]Fox's 2006 claims are not the subject of the United States' Motion to Dismiss for Failure to Exhaust Administrative Remedies; the Government has conceded these claims were timely exhausted.  *See* Def.'s Motion [114] at 4.

28 U.S.C. § 2675(a); *see Gregory*, 634 F.2d at 203–04 ("The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA."). Thus, if a plaintiff files an FTCA claim in federal court prior to exhausting his administrative remedies, the court does not have subject-matter jurisdiction to hear that claim. *Id.* at 204; *see also McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989).[5]

      While no provision of the FTCA states when a cause of action accrues, a tort claim under the FTCA generally accrues at the time of a plaintiff's injury. *Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006) (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)). For medical malpractice cases under the FTCA, however, the Supreme Court "adopted a 'discovery rule' for claim accrual, under which the time starts to run when the plaintiff has the information necessary to discover 'both his injury and its cause.'" *Id.* (quoting *Kubrick*, 444 U.S. at 120). "This is because, where the injury or its cause may not be manifested to the plaintiff until many years after the event, the tort action should not accrue, for statute of limitations purposes, until the plaintiff is put on notice of the wrong." *Id.* (citation and quotation marks omitted).

---

[5]Though the United States seeks this relief "pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure," a motion to dismiss for want of subject-matter jurisdiction is properly brought under Rule 12(b)(1). *See, e.g.*, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting subject-matter jurisdiction bears the burden of proof. *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (citing *Ramming*, 281 F.3d at 161). "A Rule 12(b)(1) motion should be granted only 'if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.'" *Id.* (citation omitted). In ruling on a 12(b)(1) motion, "the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts." *Id.* at 649–50 (citing *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)); *see Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Here, the Court has considered the Complaint and its exhibits and Fox's More Definite Statement, as well as certain undisputed exhibits produced by the Government related to the exhaustion of administrative procedures.

### 1. Fox's 1998 and 2003 FTCA Claims

Incidents 1 through 9 in Fox's "More Definite Statement" occurred in 1998 and 2003. According to the Government, these claims were not presented to the appropriate federal agency within two years after the alleged conduct occurred, but were included instead in a claim Fox filed with the U.S. Department of Veterans Affairs in March 2007. *See* Def.'s Motion [114] Ex. A, Fox's SF-95 Claim for Damage, Injury or Death.

More precisely, Incidents 1 through 8 in Fox's More Definite Statement [86], concern events occurring in July and August 1998, leading up to and including his first stroke. *See* More Definite Statement [86] at 1–16. The injuries allegedly resulting from these events are of the sort that would have been apparent at the time they occurred, and there is no allegation suggesting Fox became aware of these alleged injuries or their cause at a later date. *See id.* at 7, 8 (alleging fear and distress as damages), 11–13 (alleging stroke occurred in August 1998 as a result of alleged medical malpractice). Fox's response does not suggest otherwise. Thus, any FTCA claim arising from these events appears to have accrued in 1998, and the inclusion of such claim in Fox's March 2007 submission to the VA was untimely.[6]

Fox's claim concerning Incident 9, a 2003 visit to a VA ophthalmologist, is different. In the 2007 administrative claim submitted to the VA, Fox describes alleged malpractice in 2006, stating that the practitioner in 2006 should have been aware from his medical file that in 2003 there was "an anomaly regarded within my brain, showed both eyes identically small blanked." Def.'s Mot. [114] Ex. A at 7. Fox elaborates in his More Definite Statement:

---

[6]At different points in the administrative claim, Fox gives the date 1988 for his first stroke, but either way his claim is untimely.

8

> A.  Where and When it Happen [sic]: VAMC, Jackson, Mississippi, approximately 2003, (Medical Mal Practice by unknown (for now) Ophthalmologist, causing Second Stroke).
>
> B.  What happened: A mild stroke.  Both eyes had an identical null spot, (dead) proving to myself that it was a brain problem and not my eyes.  I went to the VA Ophthalmologist and they checked my eyes, and told them it was not my eyes because two identical spots in my two eyes, regarded my brain, and I told them I had already had a stroke on September 1998. . . .  The Ophthalmologist did nohing [sic].  He did not send me to a Neurologist, myself just breezing in the wind for my medical care and problem.

More Definite Statement [86] at 16 (Incident 9).  As damages from this incident, Fox alleges "[s]ubsequent second stroke," which allegedly occurred on March 17, 2006.  *Id.* at 17.  Fox comes back to the 2003 incident later in his description of the second stroke (Incident 12):

> Any of these health providers, physicians, well should have known about the previous stroke, 1998, which I provided to them.  I told them.  They should known about the brain anomaly about 2003, which I provided to them;....(It is also even in the medical section that about 2003, that I had a brain problem, showing omissions of section of my both eyes, which they refused to even look at the VA, except via ophthalmologists, whom I told them this was within BOTH eyes, and it was an obviously brain problem, and is not an eye problem.  They could have by then realized I should have been placed on Coumadin, but the VA had no [sic] done such.  Instead they just neglectfully did nothing!).

*Id.* at 24.  And again in Incident 13—describing his admission to the hospital for his second stroke— "Why had the ophthalmologists, under obviously brain problem, helped me in about 2003 doing nothing?"  *Id.* at 28.

In summary, Fox alleges that malpractice in 2003 contributed to his second stroke in 2006.  The United States has not challenged the factual basis of Fox's claim, merely arguing that, as stated, a claim based on the 2003 events is untimely.  Def.'s Mot. [114] at 4.  Based on the Court's liberal construction of Fox's pleadings, it is unclear whether Fox had the information necessary to discover both his injury and its cause in 2003 for purposes of accrual, or whether

9

any claim based on alleged malpractice in 2003 accrued later when the second stroke occurred.[7] If the claim did not accrue until Fox's second stroke in 2006, then his inclusion of the 2003 events in his 2007 administrative claim would be timely. Therefore, Defendant's motion to dismiss for failure to administratively exhaust and/or summary judgment is denied without prejudice with regard to Fox's 2003 allegations (Incident 9). *See Davis*, 597 F.3d at 649–50 ("A Rule 12(b)(1) motion should be granted only 'if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.'") (citation omitted).

    2.    Fox's 2009 FTCA Claims

The United States likewise seeks dismissal of any FTCA claims arising from events in 2009, for failure to file any writing with the appropriate agency in order to exhaust these claims, as required prior to filing suit in court.[8] Fox's 2007 SF-95 submission to the VA occurred before the alleged events in 2009, and Fox fails to dispute the United States's statement that he filed no SF-95 forms after 2007. That said, Fox did send letters to the VA describing the March 2009 incident and indicating his desire to amend his administrative claim.

The question is whether these letters were sufficient to exhaust his claims arising from the 2009 incident. The United States contends that Fox's attempted amendment was not

---

[7]Fox alleges the event in 2003 caused him "extreme concern" and "the VA refusal to consider these circumstances" caused him to become "alarmed." More Definite Statement [86] at 17. He goes on to say he realized "the VA contains a bunch of incompetents" and that he "was in an unacceptable circumstance, deeply hurting him, with substandard medical care." *Id.* It is unclear, however, whether Fox had these realizations in 2003 or at some later point.

[8]Because an attachment to Fox's Complaint refers to an "Amended Tort Claim" which allegedly includes the 2009 events at issue, the Court ordered [152] the parties to address the existence of any Amended Tort Claim apart from the SF-95 Form Fox filed in 2007. Defendant United States [160] and Fox [153, 154, 157, 158, 159, 165] filed supplemental submissions on this issue.

effective because it lacked reference to a "sum certain" as required under 28 C.F.R. § 14.2(a). But if this is truly an amendment—and the Government does not suggest otherwise—then the procedures are found in 28 C.F.R. § 14.2(c), which does not include the sum-certain language found in § 14.2(a).[9]

As the matter now stands, there are too many unresolved issues to grant the Motion to Dismiss. For example, the United States does not contest that this was an attempted amendment, but it is not clear that § 14.2(c) can be used to add new and discrete claims as opposed to amending existing claims. If it can, then the United States has not cited any authority holding that an amendment under § 14.2(c) would require disclosure of a sum certain. It also appears that the VA received and took some action on the purported amendment which begs the question whether notice was lacking. In light of these unanswered questions, the Court finds that the motion should be denied without prejudice. The Court expressly reserves the right to reexamine the issue.

       3.     Fox's Non-FTCA Claims

To the extent that Fox alleges non-FTCA claims arising from 1998, 2003 or 2009, the United Staes does not address the timeliness of those claims or whether the exhaustion

---

[9]Section 14.2(c) states as follow:

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

requirements, if any, are met for these claims.  As a result, this Order is limited to any FTCA claims by Fox.

III.    Conclusion

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that:

(1)     The United States of America's Motion to Dismiss [110] is GRANTED IN PART AND DENIED IN PART;

    (a)     The motion is GRANTED in that Fox's FTCA claims against all Defendants other than the United States, including the Veterans Administration; U.S. Department of Veterans Affairs; Veterans Administration, Washington, DC; Veterans Administration Medical Center, Jackson, Mississippi; Veterans Administration Medical Center, Birmingham, Alabama; Unnamed Nasrala, Past Chief of Neurologists, VAMC, Jackson, MS; Unknown Defendant Chief of Staff (August, 1998); Unknown Parties, V.A. Employees, VAMC, Jackson, MS; Unknown Physician, Past Chief of Cardiologist (1998); Unknown Physician, Current Chief of Cardiologist, VAMC, Jackson, MS; and Unknown Physician, who sent Carl Fox home originally from the Emergency Room, around March 17, 2006, are DISMISSED WITH PREJUDICE;

    (b)     Fox's FTCA claims against the Department of Justice are DISMISSED WITH PREJUDICE *sua sponte*; and

    (c)     The motion is DENIED WITHOUT PREJUDICE insofar as it seeks to dismiss non-FTCA claims under Fed. R. of Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

(2)     The United States's Motion to Dismiss for Failure to Exhaust Administrative Remedies or for Summary Judgment [114] is GRANTED IN PART AND DENIED IN PART;

    (a)     The motion is GRANTED with respect to Fox's FTCA claims against the United States concerning events in 1998 and those claims are dismissed;

    (b)     The motion is DENIED WITHOUT PREJUDICE with respect to Fox's FTCA claims concerning alleged 2003 and 2009 events and with respect to Fox's non-FTCA claims.

(3)	Fox's Motion to Deny Defense's Docket No. 110 and 114 [132] is DENIED as moot, though the substance of this Motion was considered as part of Fox's Response in Opposition to Defendants' Motions docketed at 110 and 114.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
