IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CARL FOX, III                                                                                          PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:10-cv-126 DPJ-MTP

UNITED STATES OF AMERICA, ET AL.                                               DEFENDANTS

ORDER

This case is before the Court on the motion [171] of the Defendant United States of America to dismiss Plaintiff Carl Fox's claims against the United States under the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. § 1983, and under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").[1]  Though he has made numerous other filings since the instant motion was filed on March 6, 2012, Fox failed to respond to the United States's motion to dismiss these claims.  The Court finds the motion is well-taken and should be granted as a matter of law.

I.      Analysis

Fox premises his claims against the United States on the Federal Tort Claims Act ("FTCA"), the ADA, Section 1983 and HIPAA.  *See* Order [168] at 2–3.  The United States argues in the present motion that the Court lacks subject matter jurisdiction over Fox's ADA, Section 1983, and HIPAA claims (together, his "non-FTCA" claims) against the United States, stating that the ADA and Section 1983 do not apply to the federal government and that HIPAA fails to create a private cause of action.  The Court addresses each category of non-FTCA claims in turn.

---

[1] This Order addresses those claims only and does not affect Fox's claims under the Federal Tort Claims Act.

A.     ADA

The ADA addresses discrimination against individuals with disabilities in three general areas: employment (Title I), public services (Title II), and public accommodations and services operated by private entities (Title III). *Agee v. United States*, 72 Fed. Cl. 284, 289 (2006) (citing Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327 (1990) (currently codified as 42 U.S.C. §§ 12101-12213 (2000))). The United States is excluded from coverage under each title, however:

> The United States is excluded from the definition of an employer under Title I. 42 U.S.C. § 12111(5)(B)(i) (2000). Additionally, Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" does not include the Federal Government. *See* 42 U.S.C. § 12131 ("The term 'public entity' means-(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)"); *see also Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government"). Finally, under Title III, the Federal Government is not a private entity operating a public accommodation or service. 42 U.S.C. § 12181.

*Id.*; *see also Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (stating "the entire federal government is excluded from the coverage of the ADA" (citing 42 U.S.C. § 12111(5)(B))). Thus, "Congress has not waived the Federal Government's sovereign immunity with regard to ADA claims." *Agee*, 72 Fed. Cl. at 289 (citing *Gray v. United States*, 69 Fed. Cl. 95, 102 (2005) (holding that "the United States has not waived its sovereign immunity to be sued under the ADA . . . [and the Court of Federal Claims] has no alternative but to dismiss plaintiff's ADA

claim")). Therefore, to the extent Fox alleges claims against the United States under the ADA, those claims are dismissed for lack of subject-matter jurisdiction.

B.    Section 1983

Likewise, to the extent that Fox has alleged constitutional tort claims against the United States under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390 (1971), those claims will not lie. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002) ("[T]he United States and its officials are entitled to sovereign immunity for the civil rights claims brought by Newsome, 'because the United States has not consented to suit under the civil rights statutes.'" (citing *Unimex, Inc. v. U.S. Dep't of Housing and Urban Development*, 594 F.2d 1060, 1061 (5th Cir. 1979))); *see also Owens v. Suter*, No. 02 Civ. 8198(SHS), 2003 WL 942554, at *2 (S.D.N.Y. Mar. 7, 2003) ("There is no waiver of [the United States's] sovereign immunity for actions filed pursuant to *Bivens*, 42 U.S.C. § 1983 and other civil rights statutes."). Therefore, any claims against the United States pursuant to Section 1983 or *Bivens* are dismissed for lack of subject matter jurisdiction.

C.    HIPAA

Finally, to the extent Fox has alleged claims under HIPAA, that statute does not authorize a private cause of action and this Court has no jurisdiction over private claims under that statute. *Acara v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over Acara's asserted claims."). Instead, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services and, under certain circumstances, state attorneys general. *Roberts v. Unitrin Specialty Lines Ins. Co.*, 405 F. App'x 874, 884 & n.8 (5th Cir. 2010) (citing 42 U.S.C. §

1320d–5, as amended by the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, § 13410, 123 Stat. 115, 271–76); *Acara*, 470 F.3d at 572 (citing 42 U.S.C. §§ 1320d–5, d–6).  Therefore, this Court lacks jurisdiction over any claims Fox may have under HIPAA.

II.     Conclusion

For the foregoing reasons, the Court finds the motion [171] of the United States to dismiss Fox's claims against it under the ADA, Section 1983 and HIPAA is granted and these particular claims are dismissed.  As stated, this Order does not address Fox's FTCA claims.

**SO ORDERED AND ADJUDGED** this the 6th day of July, 2012.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE