UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CARL FOX, III                                                                                    PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:10cv126-DPJ-FKB

UNITED STATES OF AMERICA                                                         DEFENDANT

ORDER

This medical-malpractice case is before the Court on Defendant's Third Motion for Summary Judgment [223]. Defendant asserts that it is entitled to summary judgment on Plaintiff's medical-malpractice claims due to the failure to designate an expert within the allotted time. Among his several filings, Plaintiff, who is proceeding *pro se*, has responded in opposition [225], moved for a continuance [228], filed various discovery motions [226, 228], and submitted a sur-reply without leave [229].[1] Having considered the parties' memoranda and submissions, along with the pertinent authorities, the Court finds that Defendant's motion [223] should be granted. Additionally, the Court grants in part and denies in part Plaintiff's motions [226, 228].

I.   Facts and Procedural History

Carl Fox filed this action on February 25, 2010, for claims arising, in part, from medical treatment he received at the Veterans' Administration Medical Center (VAMC) in Jackson, Mississippi. Fox claims that medical malpractice at the Jackson VAMC in 2003 and 2006 caused his second stroke in March 2006. Additionally, Fox alleges that VAMC security personnel beat him when he attempted to leave the VAMC and return home. As a result of the encounter, Fox alleges he could not attend his VAMC appointments without passing by a

---

[1] After briefing on these several motions, Fox also filed an additional evidentiary brief addressing alleged violations of his First Amendment rights. This brief has no bearing on the issues presently before the Court.

member of the security staff, and thus was not prescribed Coumadin or "clot-buster." Unable to take his medication, Fox claims he suffered a third stroke in March 2009 and alleges malpractice during the treatment of that stroke. Finally, Fox alleges that on March 11, 2009, VAMC personnel and the Madison County Sheriff's Department harassed him at his home. After literally hundreds of filings, what remains of the case are Federal Tort Claims Act (FTCA) claims against Defendant, the United States of America, based these 2003, 2006, and 2009 incidents.[2]

Because Fox is proceeding *pro se*, the Court has plainly expressed the importance of expert testimony to Fox's medical-malpractice claims, starting with the April 15, 2011 Case Management Conference. The Court memorialized these efforts in part in the subsequent Case Management Order. Although the discovery period closed long ago on October 17, 2011, the Court learned at the March 9, 2012 Pretrial Conference that Fox did not fully appreciate the necessity of expert testimony. Mindful of Fox's *pro se* status, the Court again emphasized the need for Fox to submit an expert report and extended the deadline for that submission to June 11, 2012. Order [178] Mar. 12, 2012. Finally, the Court again extended the expert-report deadline to December 15, 2012, in response to the parties' confusion over the prior Order. Order [216] Oct. 17, 2012. That deadline has passed and Fox has neither submitted an expert report nor designated an expert.

---

[2]The Court previously dismissed as untimely Fox's 1998 claims, which alleged that medical malpractice caused the first of his three strokes. Order [168] Feb. 27, 2012, at 8. But in that same Order, the Court denied Defendant's motion to dismiss the 2003 and 2009 claims without prejudice, expressly reserving the right to reexamine Fox's exhaustion of the 2009 claims. *Id.* at 11. The Court also dismissed Fox's ADA, § 1983, and HIPAA claims in its July 6, 2012 Order [205].

Defendant filed its Third Motion for Summary Judgment [223] on December 27, 2012. That motion seeks dismissal of Fox's medical-malpractice-based FTCA claims due to Fox's failure to designate an expert or submit an expert report. Fox has responded and principally asserts that he needs additional time in order to raise the funds necessary to hire an expert. Fox also argues that expert testimony is unnecessary to support his medical-malpractice claims because the negligence is sufficiently obvious or that the evidence he has submitted is cumulatively sufficient to prove his claims. Fox has also submitted his own motions requesting various relief, which the Court will also take up in part.

II. Analysis

    A.    Defendant's Motion for Summary Judgment

        1.    Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing

that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

2. Discussion

Defendant seeks summary judgment on Fox's medical-malpractice claim because Fox has neither designated an expert witness nor submitted an expert witness report as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the deadline to do has passed.[3] In an FTCA suit, the Court applies the substantive law of the state where the allegedly negligent "act or omission occurred," which in this case is the state of Mississippi. 28 U.S.C. § 1346(b)(1); *Sangernetta Mason, A1C v. United States*, 372 F. App'x 504, 505 (5th Cir. 2010) ("In FTCA cases, the federal courts rely on the substantive law of the state where the alleged wrongful act occurred." (citations omitted)). In order to state a case for medical malpractice under Mississippi law, "a plaintiff must prove by expert medical testimony: (1) the standard of care; (2) a breach of

---

[3]Rule 26 require a party to disclose the identity of expert witnesses it may use at trial. Fed. R. Civ. P. 26(a)(2). A party must also submit an expert's report "if the witness is one retained or specially employed to provide expert testimony in the case . . . ." *Id.* And a party who fails to designate an expert as required by Rule 26(a)(2) is not allowed to use that witness at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

the standard of care; (3) a causal connection between the breach and the injury; (4) the extent of plaintiff's damages." *Sangernetta Mason*, 372 F. App'x at 505–06 (citing *McCaffrey v. Puckett*, 784 So. 2d 197, 206 (Miss. 2001)). And although this is the general rule, there exists "an exception for instances where a layman can observe and understand the negligence as a matter of common sense and practical experience." *Coleman v. Rice*, 706 So. 2d 696, 698 (Miss. 1997) (citation and quotations omitted).

Fox openly concedes that he has not designated an expert—a failure he now attributes to his inability to pay expert-witness fees—and he requests a four-month extension of the expert-designation deadline. Pl.'s Resp. [225] at 4. The Court has repeatedly extended that deadline in this case—which was originally August 1, 2011—and has also gone out of its way to impress upon Fox the importance of expert testimony to his malpractice claim. And although *pro se* litigants are afforded substantial leeway, they too must comply with court orders and deadlines. *See Fujita v. United States*, 416 F. App'x 400, 402–03 (5th Cir. 2011) (district court did not abuse its discretion in enforcing expert designation deadline against *pro se* litigant after permitting numerous extensions); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (citation omitted)). The Court is sympathetic to Fox's situation, but in its prior Order extending the expert-designation deadline the Court cautioned: "These deadlines are hard and fast and will not be further extended." Order [216] at 5. Fox's request for an additional four months to designate an expert is denied.

In the absence of an expert witness, Fox's medical-malpractice claims fail as a matter of law unless those claims fall within the so-called "layman" exception to Mississippi's expert-

5

witness requirement.[4] *See Coleman*, 706 So. 2d at 698. This exception is generally limited to obvious negligence, such as "cases involving foreign objects left inside patients or where patients were given the wrong medication." *Vaughn v. Miss. Baptist Med. Ctr.*, 20 So. 3d 645, 653 (Miss. 2009) (citations omitted); *see also McMichael v. Howell*, 919 So. 2d 18, 24 (Miss. 2005) ("[W]hether Dr. Howell should have performed this medical procedure and what Dr. Howell knew or should have known prior to making the decision to perform the full facial [skin surgery] are not matters of common sense and require medical testimony."). Likewise, "[d]iagnosing symptoms and prescribing antibiotics is beyond the 'common knowledge of laymen,'" and would necessitate expert testimony. *Sheffield v. Goodwin*, 740 So. 2d 854, 858 (Miss. 1999).

Fox's medical-malpractice claims center around VAMC's conduct leading up to and following his second and third strokes. In particular, Fox alleges a VAMC opthamologist failed to diagnose pre-stroke symptoms in 2003, that VAMC staff negligently treated Fox's second stroke, and that VAMC staff failed to dispense medications to Fox following his second stroke or at the onset of his third stroke. Diagnosis of a stroke, prescription of medication for strokes, and treatment of a stroke do not fall within the "common knowledge of laymen." *Id.* In the absence of an expert witness or claims falling within the layman exception, the Court finds that Fox's medical-malpractice claims brought under the FTCA fail as a matter of law.[5]

---

[4]Additionally, Fox cannot circumvent the expert-report requirement with his submission of a document apparently given to him by Dr. Ethel Rose in response to an interview question. Pl.'s Resp. [226] at 53–58.

[5]This Order does not affect Fox's other FTCA claims not based in medical malpractice.

B.  Fox's Motions

1.  Motion to Continue [228]

It is unclear whether the Motion to Continue addresses the pretrial conference and trial dates or some other deadlines. To the extent it addresses other deadlines, they will not be further extended. Order [216] at 5 ("These deadlines are hard and fast and will not be further extended. The Court is of the opinion that any additional extension of time would significantly interfere with the just, speedy, and inexpensive determination of this action."). The Court likewise finds that the pretrial conference should proceed as scheduled. Regarding the trial date, the matter is set on the Court's June trial calendar, and a precise date will be determined at the pretrial conference. During that conference, the Court will hear Fox's concerns and determine a firm trial setting.

2.  Discovery Motions [226, 228]

The Court previously warned Fox when it permitted him to conduct additional interviews and depositions, that the extension was "not an invitation to conduct other out-of-time discovery on other issues or through other methods." Order [216] at 4. Nonetheless, Fox seeks several forms of discovery-related relief in these motions. First, Fox has filed a motion seeking production of an affidavit that must be produced as part of the involuntary commitment procedure under Mississippi law.[6] Pl.'s Mot. [226] at 4. Defendant has responded to this motion affirming that Fox was never involuntarily committed and thus no affidavit exists. Further,

---

[6]To the extent Fox's motion seeks summary judgment and to amend his damages demand, those requests are conclusory and unsupported and should be denied. Pl.'s Mot. [226] at 5–6.

7

Defendant correctly observes that this motion is untimely. See L. U. Civ. R. 26(b)(2).[7] Finally, the Government claims to have voluntarily produced all of its available files, despite the lack of a timely discovery request, so Fox now has the available documents. The Court finds that the motion is untimely and not supported. It is therefore denied.

Second, Fox has filed a motion for an order compelling Defendant to produce the electronic VAMC records in a text-searchable format. Pl.'s Mot. [228] at 11. The Court will address this issue with the parties at the pretrial conference. Third, Fox seeks production of digital recordings apparently made by Defendant during Fox's interviews with various fact witnesses. *Id.* The Court grants this aspect of Fox's relief and directs Defendant to provide Fox a copy of the recordings within 14 days of entry of this Order. Fourth, Fox has also moved the Court to compel Dr. Eric Undesser to respond to Fox's questions. Pl.'s Mot. [226] at 58. Defendant has indicated Dr. Undesser is seriously ill but that it would ask the doctor whether he can respond. If Dr. Undesser has not responded to the written questions by the pretrial conference, the Court will further address the issue at that time. Finally, Fox has filed a Motion to Reconsider Plaintiff's Discovery. Pl.'s Mot. [228] at 11. To the extent this motion seeks to reopen discovery it is denied for the reasons this Court has previously explained. If Fox is seeking something else, then it will be addressed at the pretrial conference.

---

[7]Uniform Local Rule 26(b)(2) states in relevant part as follows:

> Counsel must initiate discovery requests . . . sufficiently in advance of the discovery deadline date to comply with this rule, and discovery requests that seek responses . . . that would otherwise be answerable after the discovery deadline date are not enforce able except by order of the court for good cause shown.

III. Conclusion

The Court has considered all of the parties' arguments. Those not addressed would not change the result. The Court therefore finds that Defendant's Motion for Summary Judgment [223] should be granted.[8] Additionally, the Court grants in part and denies in part Plaintiff's motions [226, 228].

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[8]Defendant also requests the Court to "tax all costs of these proceedings against the plaintiff." Def.'s Mem. [224] at 5. Aside from the lack of any supporting argument or authorities, Defendant's request was not docketed as a separate motion and is procedurally improper. *See* L. U. Civ. R. 7(b). Defendant's request is denied.