UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CARL FOX, III                                                                                         PLAINTIFF

VS.                                                               CIVIL ACTION NO. 3:10cv126-DPJ-FKB

UNITED STATES OF AMERICA                                                               DEFENDANT

ORDER

This Federal Torts Claims Act case came before the Court on May 10, 2013, for pretrial conference. During the conference, the Court heard argument on *pro se* Plaintiff Carl Fox's Motion to Continue [233]. Having fully considered the premises, the Court finds that the motion should be granted.

The issue is whether Fox should be given additional time to retain experts in support of his medical-malpractice claims. According to Fox, his previous efforts to retain expert witnesses were unfruitful because he lacked the resources to pay the fees. And while the Court extended the expert designation deadline on several occasions, it finally denied Fox's last request for a continuance [228] in which he sought additional time to raise funds by renting out his house. The Court reasoned that further delay was not warranted, and though not stated in the record, the Court doubted whether Fox had the capacity to raise the funds in the manner he described. Because he had not designated an expert witness, the Court granted the Government's motion for summary judgment on the medical-malpractice claims. *See* Order [232] Mar. 28, 2013.

After the medical-malpractice claims were dismissed for lack of supporting expert testimony, Fox apparently learned that oil was discovered on a small plot of land he owned. He

now claims to have the funds to retain an expert witness and seeks an extension of time to do so. This necessarily implicates the validity of the order dismissing his medical-malpractice claim.

The Government opposes Fox's motion because it will cause further delay. And while the Government is certainly correct about the delay, the Court is concerned that Fox—as a *pro se* litigant—may be denied his day in court simply because he lacked the financial resources to obtain the necessary expert testimony. In addition, there can be no dispute that the testimony is essential and that any prejudice to the Government can be rectified by an opportunity to conduct discovery. *Cf. Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). The Court is therefore willing to give Fox one last chance to find expert testimony to support his medical-malpractice claim. But given the numerous delays that have already occurred, the extension will be limited.

Fox is granted until June 24, 2013, to notify the Court that he has obtained an expert witness. Fox must provide all relevant materials to the expert, and the expert must, by June 24, 2013, be able to provide all of the information required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Uniform Civil Rule 26(a)(2).[1] Once notice is given, the Court will set a

---

[1]Federal Rule of Civil Procedure 26(a)(2)(B) states:

*Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
    (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
    (ii) the facts or data considered by the witness in forming them;
    (iii) any exhibits that will be used to summarize or support them;
    (iv) the witness's qualifications, including a list of all publications

telephonic conference with the parties and the retained expert and will determine at that time whether the opinions are sufficient to justify allowing Fox time to file expert reports. If the Court concludes that reason exists to believe the expert might offer relevant and material opinions, then he or she will be instructed to file reports. The Government will then receive time to depose the witness. If the opinions are insufficient or Fox fails to retain an expert willing to

---

> authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Additionally, Local Uniform Civil Rule 26(a)(2) reads:

> **Expert Witnesses.** A party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a)(2) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial.
> (A) For purposes of this section, a written report is "prepared and signed" by the expert witness when the witness executes the report after review.
> (B) An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court.
> (C) Discovery regarding experts must be completed within the discovery period. The court will allow the subsequent designation or discovery of expert witnesses only upon a showing of good cause.
> (D) A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

offer sufficient opinions by June 24, 2013, then the case will proceed to trial on Fox's remaining claims.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE